IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JU SUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-826-SLP |
| | ) |
| SFL WORLDWIDE, LLC, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss and Brief in Support [Doc. No. 12]. Plaintiff has filed a Response in Opposition [Doc. No. 13]. Defendant has not filed a reply and the time within which to do so has expired. *See* LCvR 7.1(i). The matter, therefore, is fully briefed and at issue. For the reasons that follow, Defendant's Motion is GRANTED IN PART AND DENIED IN PART.

**I.      Introduction / Plaintiff's Claims**

Plaintiff brings this action, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's claims arise solely under state law and include the following: (1) breach of contract; (2) unjust enrichment; (3) conversion; and (4) replevin. *See* Compl. [Doc. No. 1].

Defendant seeks dismissal of Plaintiff's Complaint on the following grounds: (1) the Court lacks subject matter jurisdiction because Plaintiff cannot satisfy the amount-in-controversy requirement; (2) the Court lacks personal jurisdiction over Defendant; (3) Plaintiff has failed to join an indispensable party; (4) improper venue; (5) Defendant is an

independent company; (6) no agreement exists between the parties due to mutual mistake; (7) Plaintiff has failed to mitigate damages; and (8) Plaintiff has failed to tender performance.

The Court addresses Defendant's subject matter jurisdictional challenge and finds that Plaintiff must file an amended complaint to address jurisdictional pleading deficiencies. In light of this finding, the Court declines to address Defendant's remaining grounds for dismissal at this time.

## II.     Governing Standard

Federal courts are courts of limited jurisdiction as defined by the Constitution and federal statutes. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). When, as here, diversity is the claimed basis of federal jurisdiction, the "matter in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a)(1).

"The amount in controversy is ordinarily determined by the allegations of the complaint[.]" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81 (2014). The amount claimed by the plaintiff controls if the claim is apparently made in good faith. *Adams v. Reliance Standard Life Ins. Co*., 225 F.3d 1179, 1183 (10th Cir. 2000). The plaintiff bears the burden "to show it is not a legal certainty that the claim is less than the jurisdictional amount." *Id*. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum

jurisdictional floor." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir. 1998) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973)).

### III. Allegations of Plaintiff's Complaint

In December 2022, Plaintiff entered into a contract with Trust Mover International Freight Fowarder Co. Ltd. (Trust Mover) to transfer Plaintiff's personal belongings and effects from Beijing, China, to Edmond, Oklahoma. Compl., ¶ 7. Defendant, SFL Worldwide, LLC, is "the U.S. partner of Trust Mover." *Id*., ¶ 10. Plaintiff tendered full payment under the contract in the amount of $2,160.08. *Id*., ¶ 9.

On January 27, 2023, Plaintiff's property arrived in Tacoma, Washington. *Id*., ¶ 12. To date, Plaintiff's property has not been delivered to Edmond, Oklahoma. Plaintiff even paid additional sums totaling $1,945.00 requested by Defendant for delivery of his property, but to no avail. *Id*., ¶¶ 13-19.

Consequently, Plaintiff "has had to purchase duplicative home goods to replace those that should have been delivered, including tools, clothes, household items, and professional equipment." *Id*., ¶ 23. Other belongings of Plaintiff cannot be "replicated or replaced, including photographs, and gifts received from friends and relatives." *Id*., ¶ 24.

### IV. Discussion

In support of Plaintiff's breach of contract claim, Plaintiff claims he has sustained damages "in the amount equal to the value of Plaintiff's Cargo, the cost of purchasing replacement items" and "the duplicative payment of $1,945.00. *Id*., ¶ 32. Plaintiff seeks these same damages for his unjust enrichment and conversion claims. *Id*., ¶¶ 38, 42. In his prayer for relief, Plaintiff alleges that he seeks "actual damages in an amount

exceeding $75,000.00, return of Plaintiff's property, Plaintiff's attorneys' fees and costs associated with this suit, and any additional relief this Court deems just and proper." Compl., ¶ 47.

The only specific allegations as to the amount in controversy establish that Plaintiff paid an initial sum of $2,160.08 pursuant to the parties' contract and additional sums in the amount of $1,945.00 to Defendant, for a total of $4,105.08. Plaintiff's allegations are vague and conclusory with respect to the personal property at issue. Plaintiff does not describe or itemize that property in a manner that would permit a determination of its value, nor does Plaintiff state the value – estimated or otherwise – of that property. Plaintiff's allegations are similarly vague and conclusory with respect to the costs he incurred to replace the property.

Defendant argues that the cargo list for Plaintiff's shipment identifies only 14 boxes. Defendant attaches a list of those boxes as Exhibit C to its Motion; however, the exhibit sticker obscures the list of items. According to Defendant, "[i]t is highly questionable the amount in controversy is greater than $75,000.00.

In response, Plaintiff does not further describe the property at issue or provide any additional detail. Plaintiff merely reurges the allegations of the Complaint – i.e., he seeks to recover damages equal to "the value of Plaintiff's Cargo;" "the cost of purchasing replacement items;" a "refund for duplicative payments made;" and "costs and fees

associated with initiating this lawsuit." Pl.'s Resp. at 4.[1]  Plaintiff contends "these allegations do not show, to a legal certainty, that the damages recoverable are less than the jurisdictional threshold" and therefore, "dismissal for lack of jurisdiction based on the amount in controversy requirement is not justified." *Id*.

The Court has an independent duty to satisfy itself that subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The current record before the Court is insufficient for the Court to make such a determination. *See, e.g., Lenhardt v. City of Mankato, Kan.*, No. 18-4151-SAC-KGG, 2019 WL 3066435 at *1 (D. Kan. July 12, 2019) ("When the allegations of jurisdictional facts are properly challenged as here, the plaintiff must support them by competent proof, . . . including amendment or affidavits if necessary." (internal quotation marks and citations omitted)); *see also Burrell v. Burrell*, No. 00-2031, 2000 WL 1113702 at *2 (10th Cir. 2000) (although allegations of complaint alone can be sufficient to support a claim for damages, if the amount becomes an issue, the district court must make a determination of the facts (citation omitted)).

As stated, in responding to Defendant's Motion, Plaintiff merely reurges the conclusory allegations of the Complaint. The Court may not consider such conclusory allegations and they are insufficient to show the requisite jurisdictional facts. *See Sifuentes v. Capital One*, No. 23-4088 at * 4, 2023 WL 6060382 (10th Cir. Sept. 18,

---

[1] In this regard, it should be a relatively easy task for Plaintiff to itemize and value (or estimate the value of) his property and the replacement property he purchased. It is somewhat concerning, therefore, that Plaintiff's response fails to include this information.

2023) (finding allegations of amended complaint were conclusory and, therefore, the plaintiff failed to allege a plausible claim that he sustained damages in excess of $75,000); *see also Penteco Corp. Ltd. P'ship – 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (courts must ignore mere conclusory allegations when determining whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction).

Accordingly, the Court directs Plaintiff to file an amended complaint and to submit any additional evidence necessary to establish the amount in controversy.[2] The allegations of the amended complaint and any additional evidence should establish the specific nature and monetary value of: (1) the property Defendant is alleged not to have delivered; (2) the replacement property purchased by Plaintiff; and (3) evidence of any additional items of damages. The allegations and evidence will be considered in determining whether it is not legally certain the amount in controversy is less than the jurisdictional requirement of $75,000. Plaintiff's failure to comply with the Court's directive may result in dismissal of this action without prejudice.

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss and Brief in Support [Doc. No. 12] is GRANTED IN PART AND DENIED IN PART. Defendant's Motion is GRANTED, pursuant to Fed. R. Civ. P. 12(b)(1), to the extent that Plaintiff is directed to file an amended complaint and otherwise comply with the Court's directive to

---

[2] *See, e.g., Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) (amount-in-controversy allegations in the complaint may be supplemented with affidavits or other evidence).

establish the amount in controversy. Plaintiff shall file an amended complaint, and submit any additional evidence, within 21 days of the date of this Order. The Court will determine whether the amount-in-controversy requirement is satisfied based on the allegations of the amended complaint and any other evidence submitted by Plaintiff.

Defendant's Motion is otherwise DENIED without prejudice. If necessary, Defendant shall have 21 days from the Court's ruling on the jurisdictional issue to refile a motion to dismiss or otherwise respond to the amended complaint.[3]

IT IS SO ORDERED this 16th day of January, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g.*, *May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019) (an amended complaint is the "operative complaint" and "supersedes the original complaint's allegations").